UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
LTO PROPERTIES CORP.,                       :
                                            :
                              Plaintiff,    :
                                            :          REPORT AND
               -against-                    :          RECOMMENDATION
                                            :
KEN CURREY, AMERICAN EXPRESS                :          23-cv-01795 (FB)(PK)
CENTURION BANK, and NEW YORK CITY           :
ENVIRONMENTAL CONTROL BOARD,                :
                                            :
                              Defendants.   :
----------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

LTO Properties Corp. ("Plaintiff") brings this foreclosure action pursuant to New York Real

Property Actions and Proceedings Law ("NYRPAPL"), Section 1301 *et seq.*, against Ken Currey

("Currey" or "Borrower"), American Express Centurion Bank, and City of New York Environmental

Control Board ("ECB") (collectively, "Defendants").  Plaintiff seeks to foreclose its mortgage on real

property located at 666 Mother Gaston Boulevard, Brooklyn, New York 11212 (the "Property").  (*See*

Complaint ("Compl.") ¶ 10, Dkt. 1.)  Plaintiff has moved against all Defendants for a default judgment

of foreclosure and sale.  ("Motion," Dkt. 24.)

The Honorable Frederic Block referred the Motion to me for a report and recommendation.

For the reasons stated herein, I respectfully recommend that the Motion be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Factual Background

The following facts are taken from the Complaint, Plaintiff's Memorandum of Law in Support

of the Motion ("Pl. Mem.," Dkt. 24-2), the Declaration of Regularity by Alan H. Weinreb, Esq. in

Support of the Motion ("Weinreb Decl.," Dkt. 24-1), the Declaration of John Ramer in Support of

the Motion ("Ramer Decl.," Dkt. 24-6), and the Affirmation of John Ramer of Amounts Due to

Plaintiff ("Suppl. Ramer Decl.," Dkt. 26-1). These facts are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor).

### A.    Parties

#### 1.    **Plaintiff**

Plaintiff LTO Properties Corp. is a corporation organized under the laws of the Cayman Islands with its principal place of business located in Miami, Florida. (Compl. ¶ 2.) Plaintiff is the holder of a mortgage and note evidencing a loan agreement (the "Loan") originally negotiated between National City Bank as lender and Ken Currey and Joyce Currey[1] as borrowers. (*See* Ex. B to Compl. ("Mortgage"), Dkt. 1-1 at 3 (ECF pagination); Ex. C to Compl. ("Note"), Dkt. 1-1 at 13.) The Loan was assigned to Plaintiff on October 23, 2020, before this foreclosure action was brought on March 8, 2023. (Weinraub Decl. ¶¶ 2–3; Ex. E to Compl., Dkt. 1-1 at 28.)

#### 2.    **Defendants**

Defendant Ken Currey is a resident and citizen of New York. (Compl. ¶ 3.) He is a borrower of the Loan and mortgagor under the Mortgage.

Defendants American Express Centurion Bank and ECB are citizens of New York and are allegedly necessary party defendants in this action because they are judgment creditors by virtue of judgments docketed against Joyce Currey, a borrower of the Loan, that are allegedly subordinate to the mortgage. (*Id.* ¶¶ 5–7; Ex. G to Compl.)

---

[1] Joyce Currey was also originally named as a defendant in the Complaint. Ms. Currey unfortunately passed away and was dismissed from the action on August 1, 2024. (*See* Dkts. 28 & 29.)

### B.    Allegations

The Loan was made on May 10, 2007 to Ken Currey and Joyce Currey in the original principal amount of $190,100.00 plus interest.  The Mortgage and Note are secured by the Property, *i.e.*, real property located at 666 Mother Gaston Boulevard, Brooklyn, New York, 11212 in the County of Kings and State of New York.  On February 28, 2020, Ken Currey executed a Loan Modification Agreement.  (*See* Ex. D to Compl. ("Loan Modification Agreement" and, together with the Mortgage and Note, the "Loan Documents"), Dkt. 1-1 at 22.)  The Loan Modification Agreement reaffirmed the validity of the Loan and modified the "Unpaid Principal Balance" due on the loan to $210,000.00. (*Id.* ¶ 1.)  The Loan Modification Agreement provided that annual interest of 7.00% would be charged on the Unpaid Principal Balance.  (*Id.* ¶ 2.)

Plaintiff alleges that Currey failed to comply with the terms of the Loan Documents by failing to make payments that became due on August 1, 2022 and thereafter.  (Compl. ¶ 16.)  On October 21, 2022, Plaintiff sent Currey a Default Notice to cure, advising of him of the default, and warning that if arrears were not cured, Plaintiff may declare the outstanding principal balance and interest due under the Loan Documents immediately due and payable.  (*Id.* ¶ 17; Ex. E to Compl., Dkt. 1-1 at 36.) Plaintiff alleges that it also complied with the 90-day notice requirement under RPAPL Section 1304(1) and the registration requirements under RPAPL Section 1306(1).  (*Id.*)  Currey failed to respond to the Default Notice and remains in default.  (*Id.* ¶ 20.)

The Loan Documents provide that if Borrower fails to comply with the payment obligations under the Loan, Plaintiff has the right to foreclose its security interest in the property and recover payment of any outstanding debt owed.  (Mortgage ¶¶ 8–9; Note at 16; Loan Modification Agreement ¶¶ 5–7; 13–15.)  Plaintiff alleges that the full amount due and owing as of June 14, 2024 is $223,749.95, inclusive of costs and fees.  (Suppl. Ramer Decl. ¶ 8.)

II.     **Procedural Background**

Plaintiff brought this foreclosure action on March 8, 2023.  (Dkt. 1.)  Defendants were each served with a summons.  (Dkts. 10–13.)  No Defendant appeared in the action.  Plaintiff moved for entry of default against Defendants (Dkt. 14), and on May 4, 2023, the Clerk of Court entered certificates of default against all Defendants.  (Dkt. 15.)

On August 4, 2023, Plaintiff filed a status report (Dkt. 23) stating that it had implemented a forbearance agreement (Dkt. 29-1) until May 2024 and requesting a stay of the case pending the forbearance term, which the Court granted.  (Aug, 7, 2023 Order.)  Plaintiff filed the Motion on January 3, 2024.  On June 3, 2024, Plaintiff filed a further status report, explaining that "Defendant did not comply with the terms of the forbearance agreement" and, therefore, "there is no pending forbearance agreement or associated stay."  (Dkt. 25.)

The Motion seeks entry of a judgment of foreclosure and sale based on the amount due to Plaintiff on the Loan.

**DISCUSSION**

I.     **Default Judgment Standard**

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment.  First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default.  Fed. R. Civ. P. 55(a).  The plaintiff may then move the court for an entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).  The plaintiff must demonstrate proper service of the summons and complaint, *Advanced Cap. Com. Group, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013), and must establish compliance with the procedural requirements of Local Civ. Rules 7.1 and 55.2.

The court must assure itself that it has subject matter jurisdiction and may also examine whether it has personal jurisdiction over the defendant. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125, 133 (2d Cir. 2011). The court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

### A.    Jurisdiction

#### 1.    **Diversity Jurisdiction**

The Court has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332. This action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff is a citizen of the Cayman Islands and Florida, and Defendants are citizens of New York. (Compl. ¶¶ 2–6.) Plaintiff seeks to recover $223,749.95 as of June 14, 2024. (Supp. Ramer Decl. ¶ 8.)

#### 2.    **Personal Jurisdiction**

For this Court to exercise personal jurisdiction over a defendant, there must be jurisdiction under New York law, service must have been procedurally proper, and the exercise of personal jurisdiction must comport with constitutional due process. New York has general jurisdiction over corporations formed under its laws and operating within the state. *See Francis v. Ideal Masonry, Inc.*, No.

16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *2 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018).

The Court has general jurisdiction over American Express Centurion Bank because it is a New York corporation "doing business" in New York and was properly served with the Summons and Complaint. *Id.*; NYCPLR § 301.

The ECB is named as a defendant in this action. To the extent the ECB is a New York City agency, it is not a suable entity. *See* N.Y.C. Charter § 396 ("All actions ... shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Windward Bora LLC v. Thomas*, No. 20-CV-5320 (DG)(MMH), 2022 WL 14731628, at *4 (E.D.N.Y. Sept. 30, 2022). Nevertheless, "when claims are brought against non-suable entities, the court may construe them as brought against the City of New York." *Id.* Thus, Plaintiff's claims against the ECB are construed as against the City of New York. The City of New York is subject to New York jurisdiction, and the ECB was properly served with the Summons and Amended Complaint, so the Court has personal jurisdiction over it.

This Court also has personal jurisdiction over Ken Currey because he is a resident of New York and was properly served with the Summons and Complaint. NYCPLR § 301.

### B.    *Procedural Compliance with Local Civil Rules 7.1 and 55.2*

Plaintiff filed the following in support of the Motion: Notice of Motion (Dkt. 24); a memorandum of law in support of the Motion (Dkt. 24-2); a copy of the certificates of default against the Defaulting Defendants (Dkt. 24-5); a copy of the Complaint (Dkt. 24-5); a proposed default judgment order (Dkt. 24-3). Plaintiff has also affirmed that Ken Currey is not an infant, in the military, or an incompetent person. (Weinreb Decl. ¶ 10.) Thus, compliance with the Local Civil Rules is satisfied.

### C.    Standing

Plaintiff, although not an original party to the Loan, has standing to bring this foreclosure action.  Under New York law, a plaintiff establishes its standing in a foreclosure action if it was either the holder or assignee of the underlying note when the action was commenced.  *E. Sav. Bank, FSB v. Thompson*, 631 F.App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)).  National City Bank was the original lender to Ken Currey and Joyce Currey as borrowers.  (Mortgage; Note; Weinreb Decl. ¶ 2.)  The Mortgage and Note were assigned to Plaintiff on October 23, 2020 and recorded with the City Register of New York on February 26, 2024, prior to commencement of the action on March 8, 2023.  (*Id.* ¶ 3; Dkt. 26-2.)  Accordingly, Plaintiff's standing is established.

### D.    Defendant Ken Currey

Under New York law, Plaintiff is entitled to foreclosure if it alleges "the existence of an obligation secured by a mortgage, and a default on that obligation."  *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH)(AKT), 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015).  If the elements required for a foreclosure are established, the mortgagee has a "presumptive right to collect [unpaid debts], which can only be overcome by an affirmative showing by the defendant."  *Id.*

Plaintiff alleges that Currey defaulted under the terms of the Loan Documents by failing to make payments that became due on August 1, 2022 and thereafter.  (Compl. ¶ 16.)  The Loan Documents provide that, if Borrower fails to timely make payments, Plaintiff has the right to institute a proceeding for foreclosure and collect the debts owed to it by Borrower.  (Mortgage ¶¶ 8–9; Note at 16; Loan Modification Agreement ¶¶ 5–7; 13–15.)  Because Currey defaulted, no affirmative showing has been made to overcome Plaintiff's presumptive right to collect its debts.

Furthermore, Plaintiff and Currey filed a signed stipulation ("Stipulation," Dkt. 24-7), pursuant to which Currey consents to the Court's entry of a final judgment of foreclosure and sale, and Plaintiff

waived its right to recover any deficiency in the event the proceeds of the foreclosure sale are insufficient to pay the amount adjudged due to Plaintiff  (*Id.* ¶¶ 1–2.)

Accordingly, I find that liability against Currey is established and respectfully recommend that a default judgment of foreclosure and sale be entered against him.

I also find that, although Plaintiff's documentation shows that it is owed $223,749.95 on the Loan—comprised of an unpaid principal balance of $210,000.00 and past due interest at an annual rate of 7.00% from July 1, 2022 to June 14, 2024 of $28,793.05, minus a suspense balance in the amount of $15,043.10 (Suppl. Ramer Decl. ¶¶ 5–8)—Plaintiff waived its right to seek a deficiency judgment against Currey.  Accordingly, I respectfully recommend that no deficiency judgment be entered against Currey.

Plaintiff seeks appointment of a Referee, Susan Ellen Rizos, Esq., to direct the foreclosure and sale of the Property.  (Proposed Judgment at 2.)  "Courts in this Circuit have permitted such appointments where the plaintiff established a *prima facie* case by presenting a note, a mortgage, and proof of default."  *Com. Lender LLC v. 413 Greene Realty 2014 Corp.*, No. 22-CV-2910 (HG)(PK), 2023 WL 7000877, at *7 (E.D.N.Y. Sept. 7, 2023).  Ms. Rizos has many decades of litigation experience handling, among other things, foreclosure actions and real estate transactions, and has been appointed in multiple similar foreclosure cases in this District.  *Id.* (collecting cases).

Plaintiff also requests an award of sums expended in effectuating that sale and $750.00 in fees. (Compl. at 7; Proposed Judgment at 2–3.)  The terms of the Loan Documents entitle Plaintiff to these fees.  (Mortgage ¶ 10; Loan Modification Agreement ¶¶ 5–6.)

I respectfully recommend that Susan Ellen Rizos, Esq. be appointed Referee to effectuate the judgment of foreclosure and sale of the Property, and Plaintiff be awarded the referee fee and sums expended in the sale.

E.    *Defendants American Express Centurion Bank and ECB*

NYRPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97–98 (2d Dep't 2005)).

Courts regularly enter default judgments in foreclosure actions against defendants with "nominal interests" in the relevant property, including parties holding subordinate liens or non-owner tenants. *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308(ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (collecting cases), *R&R adopted sub nom.* 2016 WL 3102021 (E.D.N.Y. June 2, 2016). When a default judgment is entered against such a defendant, the nominal interest in the property is terminated. *Windward Bora*, 2022 WL 14731628, at *8.

In the Complaint, Plaintiff alleges that Defendants American Express Centurion Bank and ECB hold subordinate liens in the Property by virtue of judgments docketed against either Borrower or the Property. (Compl. ¶ 5–7.) Plaintiff alleges that these judgments are subordinate to Plaintiff's Mortgage, and that if these defendants "ha[ve] or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof" then such "interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage." (Compl. ¶ 7.) Together with the Complaint, Plaintiff filed an exhibit listing the alleged judgments, which were docketed against Joyce Currey. (*See* Ex. G to Compl., Dkt. 1-1 at 53.) Joyce Currey was a borrower under the original Loan and was originally also named as a defendant in this action. Plaintiff voluntarily dismissed Joyce Currey after learning she passed away. (Dkts. 28 & 29.) Because the

9

judgments held by Defendants American Express Centurion Bank and ECB were against Joyce Currey and not Ken Currey, it is unclear whether Defendants American Express Centurion Bank and ECB currently hold a lien on the Property, and it is therefore also unclear whether they are necessary party defendants to this action. Nevertheless, Plaintiff's pleadings are sufficient to establish any nominal liability of these defendants. *See Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206 (JS)(ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (granting default judgment against defendants where complaint alleged that any judgments defendants "may have against [borrowers], if liens on the mortgaged property, were subordinate to [plaintiff]'s lien").

I find that because Defendants American Express Centurion Bank and ECB were properly served with the Summons and Complaint, but failed to answer or otherwise respond, that Plaintiff's allegations with respect to these defendants are conceded. Therefore, I respectfully recommend that a default judgment be entered against Defendants American Express Centurion Bank and ECB and that their interests in the Property, if any, be terminated.

## <u>CONCLUSION</u>

Based on the foregoing, I respectfully recommend that: (1) the Motion for judgment of foreclosure and sale be granted; (2) the annexed Judgment of Foreclosure and Sale, which is substantially similar to Plaintiff's Proposed Judgment (Dkt. 24-3) (updated to reflect the information in the Supplemental Ramer Declaration filed June 18, 2024 (Dkt. 26-1) and Stipulation dated May 15, 2023 (Dkt. 24-7)), be executed by the Court; and (3) the Property be foreclosed and sold with the proceeds to be applied as set forth in the annexed Judgment of Foreclosure and Sale.

Plaintiff is respectfully requested to serve a copy of this Report and Recommendation on Defendants forthwith and file proof of such mailing no later than August 19, 2024. Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time

waives the right to appeal any order or judgment entered based on this Report and Recommendation.

*Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    August 12, 2024
          Brooklyn, New York