UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LTO PROPERTIES CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> KEN CURREY, AMERICAN EXPRESS CENTURION BANK, and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, <br><br> Defendants. | **MEMORANDUM AND ORDER** <br> Case No. 23-CV-1795-FB-PK |

*Appearances:*
*For the Plaintiff:*
ALYSSA L. KAPNER
ALAN H. WEINREB
Margolin, Weinreb & Nierer LLP
165 Eileen Way, Suite 101
Syosset, NY 11791

*For the Defendant:*
RANDI SCHERMAN
DARRYL BARNEY
Brooklyn Legal Services
29 Albany Avenue, 2nd Floor
Brooklyn, NY 11216

**BLOCK, Senior District Judge:**

On March 8, 2023, LTO Properties Corp. ("LTO" or "Plaintiff") commenced this foreclosure action against borrower Ken Currey ("Currey") and American Express Centurion Bank and City of New York Environmental Control Board, each a judgment creditor against Joyce Currey, his late mother and another borrower on the loan agreement concerning the property at issue (collectively, "Defendants"). Plaintiff asserted that it had served all Defendants by April 3, 2023, and after none of the Defendants appeared, moved for entry of default, which the Clerk of Court

1

entered on May 4, 2023. On January 3, 2024, LTO then filed a motion for a default judgment against the Defendants, seeking a foreclosure and sale.

On August 12, 2024, Magistrate Judge Peggy Kuo issued a Report and Recommendation ("R&R") recommending that LTO's motion be granted, and the property at issue be foreclosed and sold. Magistrate Judge Kuo directed LTO to serve the R&R on Defendants and explained that any objections to the R&R had to be filed within 14 days, i.e., by August 26, 2024. On August 19, 2024, Magistrate Judge Kuo received a letter from an attorney with Brooklyn Legal Services ("BLS"), explaining that her office had been contacted by Currey in an unrelated matter and asking the Court to delay any further action until BLS had a chance to evaluate whether it could represent Currey in this foreclosure action. After receiving an extension, Plaintiff, with BLS as counsel, then moved to set aside the default previously entered against him.

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Second Circuit has explained that in evaluating whether such "good cause" exists, a district court should consider three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

2

Currey asserts that all three of these factors weigh in favor of setting aside his default. He explains that he first learned about the motion for default judgment and foreclosure not from LTO but from conversations with Brooklyn Legal Services in connection with a separate, state foreclosure action brought by his first mortgage lender. *See* Currey Decl. ¶¶ 21–22. He states that he simply never received service of process from LTO's server, who made an apparent mistake of identity. *See id.* at ¶ 15. Additionally, although an attorney for LTO provided him a "forbearance agreement offer," the offer was confusing and LTO's counsel never informed him of this ongoing proceeding. *See id.* at ¶¶ 10–13, 17. Currey thus contends that his default was not willful, but rather derived from a misunderstanding that LTO either generated or failed to clarify.

Currey also contends that LTO would not be prejudiced by setting aside the default previously entered against him because the case is still in an early stage, and discovery has not yet begun. *See* Def.'s Mem. of Law in Supp. of Mot. to Vacate Default at 15 (citing *Windward Bora LLC v. Armstrong*, No. 18-CV-6355, 2021 WL 606713, at *4 (E.D.N.Y. Feb. 16, 2021) ("A plaintiff must show the loss of evidence, increase difficulties of discovery, or greater opportunity for collusion—circumstances that make it more difficult to prosecute its case—to establish that vacatur would prejudice its interests" (cleaned up))). Currey also argues that LTO sought to bypass New York law providing that residential

3

foreclosure actions require a settlement conference prior to foreclosure, and so cannot complain of prejudice if Currey's default were to be vacated. *See id.* (citing N.Y. Civil Practice Law and Rules § 3408).

Lastly, Currey asserts that he has several potential defenses, which he sets forth in a proposed answer. *See* Currey Decl. at Ex. A. These defenses include arguments that LTO lacks standing and has failed to comply with provisions of New York's Real Property Actions and Proceedings Law which oblige LTO to provide a statutorily prescribed notice of foreclosure and submit filings to the N.Y. Department of Financial Services. *See id.* Currey also raises a defense of "unclean hands" on the part of LTO, suggesting that, among other conduct, LTO tricked him into signing a Stipulation of Consent to a Final Judgment in a case that he was not aware of, and presenting him with a misleading forbearance agreement. *See id.*

Currey has thus presented facts and arguments that appear to tilt each of the three factors the Court considers towards setting aside his default. He has presented facts and arguments indicating that his earlier failure to appear was not willful, that LTO will not be prejudiced by permitting him to defend the action on the merits, and that he has viable meritorious defenses at his disposal, including arguments that LTO misled him into defaulting in the first instance. Additionally, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be

4

resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96. Thus "good cause . . . should be construed generously." *Id.* (citing *Davis v. Musler* 713 F.2d 907, 915 (2d Cir. 1983)).

On balance, a generous construction of the contentions Currey has put forward support setting aside the default entered against him so that he may defend this foreclosure action. The Court now does so. Accordingly, the Clerk shall grant Currey's motion to set aside default and vacate the entry of default.

**SO ORDERED.**

                                              /S/ Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
September 24, 2024